IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Pamela Edwards, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> Handy Technologies, Inc. f/k/a "Handybook, Inc." and d/b/a "Handy," <br><br> Defendant. | CIVIL ACTION NO. 1:16-CV-2619-SCJ-CMS |

## DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant Handy Technologies, Inc. ("Handy" or "Defendant"), through its undersigned counsel, answers the Class Action Complaint of Plaintiff Pamela Edwards ("Plaintiff"). Defendant denies all allegations in the Class Action Complaint not specifically admitted in this Answer.

## RESPONSE TO NATURE OF THE ACTION

1.      Defendant admits that Plaintiff purports to bring a class action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA"). Defendant denies that Plaintiff's claims can be maintained as a class and denies the remaining allegations in Paragraph 1.

## RESPONSE TO PARTIES

2.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 2 that Plaintiff has been a resident of DeKalb County, Georgia, and denies those allegations on that basis. The remaining allegations in Paragraph 2 are legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the remaining allegations in Paragraph 2 on that basis.

3.     Defendant denies the allegation that it offers home cleaning and other household services.  Defendant admits the remaining allegations in Paragraph 3.

4.     Defendant admits the allegations in Paragraph 4.

5.     Defendant admits that its registered agent in the State of Delaware is The Corporation Trust Company and is located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.   The remaining allegations in Paragraph 5 are legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the remaining allegations in Paragraph 5 on that basis.

6.     Defendant admits that its registered agent in the State of New York is CT Corporation System and is located at 111 Eighth Avenue, New York, New York 10011.  The remaining allegations in Paragraph 6 are legal conclusions to

which no response is required.  To the extent that a response is required, Defendant

denies the remaining allegations in Paragraph 6 on that basis.

7.      Paragraph 7 states legal conclusions to which no response is required.

To the extent a response is required, Defendant denies the allegations of Paragraph

7 on that basis.

### RESPONSE TO FACTS REGARDING HANDY

8.      Defendant admits the allegations in Paragraph 8.

9.      Defendant denies the allegations in Paragraph 9.

10.     Defendant denies the allegations in Paragraph 10.

11.     Defendant denies the allegations in Paragraph 11.

12.     Defendant denies the allegations in Paragraph 12.

13.     Defendant denies the allegations in Paragraph 13.

14.     Defendant denies the allegations in Paragraph 14.

15.     Defendant denies the allegations in Paragraph 15.

16.     Defendant denies the allegations in Paragraph 16.

17.     Defendant denies the allegations in Paragraph 17.

18.     Defendant denies the allegations in Paragraph 18.

19.     Defendant denies the allegations in Paragraph 19.

20.     Defendant denies the allegations in Paragraph 20.

21.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 21 as to what Plaintiff was informed, and denies that allegation on that basis.  Defendant denies the remaining allegations in Paragraph 21.

22.    Defendant denies the allegations in Paragraph 22.

23.    Defendant denies the allegations in Paragraph 23.

24.    Defendant denies the allegations in Paragraph 24.

25.    Defendant denies the allegations in Paragraph 25.

26.    Defendant denies the allegations in Paragraph 26.

27.    Defendant denies the allegations in Paragraph 27.

28.    Defendant denies the allegations in Paragraph 28.

29.    Defendant denies the allegations in Paragraph 29.

30.    Defendant denies the allegations in Paragraph 30.

**RESPONSE TO HANDY'S USE OF CONSUMER REPORTS**

31.    Defendant admits that it obtains background screening reports on service professionals that sign up to use its application.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 31 about the activities of thousands of other business across the

United States, and denies that allegation on that basis.   Defendant denies the remaining allegations in Paragraph 31.

32.    Paragraph 32 alleges legal conclusions to which no response is required.   To the extent that a response is required, Defendant denies the allegations in Paragraph 32 on that basis.

33.    Paragraph 33 alleges legal conclusions to which no response is required.   To the extent that a response is required, Defendant denies the allegations in Paragraph 33 on that basis.

34.    Paragraph 34 alleges legal conclusions to which no response is required.   To the extent that a response is required, Defendant denies the allegations in Paragraph 34 on that basis.

35.    Paragraph 35 alleges legal conclusions to which no response is required.   To the extent that a response is required, Defendant denies the allegations in Paragraph 35 on that basis.

36.    Paragraph 36 alleges legal conclusions to which no response is required.   To the extent that a response is required, Defendant denies the allegations in Paragraph 36 on that basis.

37.   Paragraph 37 alleges legal conclusions to which no response is required.   To the extent that a response is required, Defendant denies the allegations in Paragraph 37 on that basis.

38.   Paragraph 38 alleges legal conclusions to which no response is required.   To the extent that a response is required, Defendant denies the allegations in Paragraph 38 on that basis.

39.   Defendant denies the allegations in Paragraph 39.

## RESPONSE TO EDWARDS' EXPERIENCE WITH HANDY

40.   Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 40 that Plaintiff saw one of Defendant's advertisements on Craigslist, and denies that allegation on that basis. Defendant denies the remaining allegations in Paragraph 40.

41.   Defendant admits that, on or around June 17, 2014, it ordered a background screening report regarding Plaintiff from HireRight, LLC and states that the report speaks for itself.   Defendant denies the remaining allegations in Paragraph 41.

42.   Defendant denies the allegations in Paragraph 42.

43.   Defendant denies the allegations in Paragraph 43.

44.   Defendant denies the allegations in Paragraph 44.

45.     Defendant admits that Plaintiff attended an orientation session on June 20, 2014.  Defendant denies the remaining allegations in Paragraph 45, as stated.

46.     Defendant denies the allegations in Paragraph 46, except it states that any purported email sent on June 20, 2014 would speak for itself.

47.     Defendant denies the allegations in Paragraph 47, except it states that any purported email sent on June 23, 2014 would speak for itself.

48.     Defendant denies the allegations in Paragraph 48, except it states that any purported email sent on June 23, 2014 would speak for itself.

49.     Defendant denies the allegations in Paragraph 49, except it states that any purported email sent on June 23, 2014 would speak for itself.

50.     Defendant denies the allegations in Paragraph 50, except it states that any purported email sent on June 24, 2014 would speak for itself.

51.     Defendant denies the allegations in Paragraph 51.

52.     Defendant denies the allegations in Paragraph 52.

53.     Defendant denies the allegations in Paragraph 53.

54.     Defendant admits that, on or around June 17, 2014, it ordered a background screening report regarding Plaintiff from HireRight, LLC and states that the report speaks for itself.  Defendant is without sufficient knowledge or

information to form a belief as to the truth of the remaining allegations in Paragraph 54, and denies those allegations on that basis.

55.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 55 that the information in the report pertained to another individual, and denies that allegation on that basis. Defendant denies the remaining allegations in Paragraph 55, except it states that the report speaks for itself.

56.    Defendant denies the allegations in Paragraph 56.

## RESPONSE TO COMMON QUESTIONS

57.    Paragraph 57 states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 57 on that basis.

58.    Defendant denies the allegations in Paragraph 58.

59.    Defendant denies the allegations in Paragraph 59.

60.    Defendant denies the allegations in Paragraph 60.

61.    Defendant denies the allegations in Paragraph 61.

62.    Paragraph 62 alleges legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 62 on that basis.

63.    Defendant denies the allegations in Paragraph 63.

64.    Defendant denies the allegations in Paragraph 64.

65.    Paragraph 65 alleges legal conclusions to which no response is required.   To the extent that a response is required, Defendant denies the allegations in Paragraph 65 on that basis.

66.    Paragraph 66 alleges legal conclusions to which no response is required.   To the extent that a response is required, Defendant denies the allegations in Paragraph 66 on that basis.

67.    Paragraph 67 alleges legal conclusions to which no response is required.   To the extent that a response is required, Defendant denies the allegations in Paragraph 67 on that basis.

## RESPONSE TO CLASS ACTION ALLEGATIONS

68.    In response to Paragraph 68, Defendant admits that Plaintiff purports to bring this action on behalf of a class and that Plaintiff purports to initially define the alleged class.   Defendant denies that the purported class of referenced individuals is appropriate for treatment as a class and denies that Plaintiff's claims can be maintained as a class action.   Except as expressly admitted, Defendant denies the allegations of Paragraph 68.

69.     In response to Paragraph 69, Defendant admits that Plaintiff purports to bring this action on behalf of subclasses and that Plaintiff purports to initially define the alleged subclasses.  Defendant denies that the purported subclasses of referenced individuals are appropriate for treatment as a class and denies that Plaintiff's claims can be maintained as a class action. Except as expressly admitted, Defendant denies the allegations in Paragraph 69.

70.     Defendant denies that Plaintiff's claims can be maintained as a class action and denies the allegations in Paragraph 70.

71.     Defendant denies that Plaintiff's claims can be maintained as a class action and denies the allegations in Paragraph 71.

72.     Defendant denies that Plaintiff's claims can be maintained as a class action and denies the allegations in Paragraph 72.

73.     Defendant denies that Plaintiff's claims can be maintained as a class action and denies the allegations in Paragraph 73.

74.     Defendant denies that Plaintiff's claims can be maintained as a class action and denies the allegations in Paragraph 74.

75.     Defendant denies that Plaintiff's claims can be maintained as a class action and denies the allegations in Paragraph 75.

76.    Defendant denies that Plaintiff's claims can be maintained as a class action and denies the allegations in Paragraph 76.

77.    Defendant denies that Plaintiff's claims can be maintained as a class action and denies the allegations in Paragraph 77.

78.    Defendant denies that Plaintiff's claims can be maintained as a class action and denies the allegations in Paragraph 78.

**RESPONSE TO COUNT ONE**

79.    In response to Paragraph 79, Defendant incorporates, by reference, its responses set forth in Paragraphs 1 through 78, above.

80.    Defendant denies the allegations in Paragraph 80.

81.    Defendant denies the allegations in Paragraph 81.

82.    In response to Paragraph 82, Defendant admits that Plaintiff seeks statutory damages, attorneys' fees, and costs on behalf of herself and the alleged class.  Defendant denies that Plaintiff or the putative class is entitled to any such damages and further denies that this matter is appropriate for treatment as a class action.

83.    In response to Paragraph 83, Defendant admits that Plaintiff seeks punitive damages, attorneys' fees, and costs on behalf of herself and the alleged class.  Defendant denies that Plaintiff or the putative class is entitled to any such

damages and further denies that this matter is appropriate for treatment as a class action.

## RESPONSE TO COUNT TWO

84.    In response to Paragraph 84, Defendant incorporates, by reference, its responses set forth in Paragraphs 1 through 83, above.

85.    Defendant denies the allegations in Paragraph 85.

86.    Defendant denies the allegations in Paragraph 86.

87.    In response to Paragraph 87, Defendant admits that Plaintiff seeks statutory damages on behalf of herself and the alleged class.  Defendant denies that Plaintiff or the putative class is entitled to any such damages and further denies that this matter is appropriate for treatment as a class action.

88.    In response to Paragraph 88, Defendant admits that Plaintiff seeks punitive damages on behalf of herself and the alleged class.  Defendant denies that Plaintiff or the putative class is entitled to any such damages and further denies that this matter is appropriate for treatment as a class action.

89.    In response to the "Wherefore" clause following Paragraph 89, Defendant denies that Plaintiff or the putative class is entitled to the relief sought against it in her Complaint, or to any relief whatsoever, and further denies that this matter is appropriate for treatment as a class action.

90.    Defendant denies each and every allegation set forth in the Complaint not specifically admitted herein as true.

## ADDITIONAL DEFENSES

Without admitting any of the allegations of the Complaint and without admitting or acknowledging that Defendant bears any burden of proof as to any of them, Defendant asserts the following additional defenses.  Defendant intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such further defenses.  These defenses also apply to the claims of some or all of the classes of allegedly similarly situated persons.

1.    The Complaint fails to state a claim upon which relief may be granted.

2.    Pursuant to an agreement between the parties, Plaintiff's claims against Defendant are subject to binding arbitration, and Defendant has not waived any right to arbitration.  Defendant will be filing a motion to compel arbitration if Plaintiff does not consent to proceeding with arbitration as she agreed.

3.    Pursuant to an agreement between the parties, Plaintiff has waived any right for any dispute she has against Defendant to be maintained as a class action.  Plaintiff therefore cannot maintain her class claims.

4.     The statutory damages that Plaintiff seeks would be disproportionate to the harm alleged or suffered by Plaintiff (or the putative class) and would be unconstitutionally excessive and/or an excessive fine.

5.     The claims of the putative class are barred, in whole or in part, by the applicable statutes of limitations and/or repose, including, but not limited to 15 U.S.C. § 1681p.

6.     Adjudication of this action on a class-wide basis, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's rights to trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution.  *See, e.g., Wal-Mart v. Dukes*, 131 S. Ct. 2541 (2011).

7.     Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and unclean hands.

8.     Plaintiff's claims on behalf of absent putative class members fail because Plaintiff cannot meet her burden of demonstrating by substantial admissible evidence that each requirement of Federal Rule of Civil Procedure 23, including but not limited to ascertainability, adequacy, typicality, commonality, predominance, and superiority, is met here, and because certifying a class in the circumstances of this case would violate Defendant's rights to due process under

the law.  To the extent that class certification is nonetheless granted at a future date, Defendant alleges and asserts each of the defenses previously stated herein against each and every putative class member.

9.     Plaintiff's claims are barred, in whole or in part, because Defendant has maintained reasonable procedures to comply with applicable law at all times relevant to the Complaint.

10.     Plaintiff's claims are barred, in whole or in part, because Section 604 of the FCRA (15 U.S.C. § 1681b) is in whole or in part unconstitutionally vague, arbitrary and unenforceable.  Defendant specifically alleges that § 1681b(b)(2)(ii) is unenforceable as indicated by, among other things, the many divergent court opinions and inconsistent administrative advisory guidance.

11.     Both Plaintiff's substantive claims and her claims for damages, which seek to recover, among other things, penalties and punitive damages, violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution. Defendant specifically alleges that Section 616 of the FCRA (15 U.S.C. § 1681n) is unconstitutionally vague and ambiguous and unjustifiably arbitrary.

12.     The Complaint, and in particular Plaintiff's request for statutory and punitive damages, are barred in whole or in part because, at all material times, Defendant acted reasonably, in good faith and without malice based upon all

relevant facts and circumstances known by Defendant at the time, and did not at any time willfully or even negligently fail to comply with the FCRA.

13.     Plaintiff's claims for statutory damages and punitive damages violate the U.S. Constitution because: (a) the punitive damages claimed are vastly disproportionate to the statutory and/or actual damages claimed or available; (b) the award of punitive and/or statutory damages would constitute an arbitrary and capricious taking of Defendant's property which is unjustified by any rational governmental interest; (c) the award of punitive damages with wholly standardless discretion is inconsistent with due process; and/or (d) the statutes, including, but not limited to, the FCRA, are unconstitutionally vague and unjustifiably arbitrary.

14.     The Complaint, and each and every cause of action contained therein, are barred in whole or in part because Plaintiff failed to comply fully or at all with procedures available and/or required under the FCRA to address Plaintiff's concerns and/or otherwise failed to take reasonable steps to avoid harm.

15.     Plaintiff's individual and class-wide claims are excluded from coverage by Section 604 of the FCRA (15 U.S.C. § 1681b) to the extent that Defendant obtained any background reports in connection with an investigation of compliance with federal, state or local laws and regulations, the rules of self-

regulatory organization or any of Defendant's pre-existing policies (15 U.S.C. § 1681a(y)).

Defendant reserves the right to amend this Answer should it later discover facts demonstrating the existence of new and/or additional defenses and/or should a change in the law support the inclusion of new and/or additional defenses.

WHEREFORE, Defendant prays for judgment in its favor and against Plaintiff as follows:

1.      That the Complaint be dismissed with prejudice;

2.      That Plaintiff take nothing by way of the Complaint;

3.      That Defendant recover its attorney's fees, costs and disbursements in this action; and

4.      For such other and further relief as the Court deems just and proper.


Dated August 9, 2016


                                        */s/ Leslie A. Dent*
                                        Leslie A. Dent
                                        Georgia Bar No. 218566
                                        ldent@littler.com

LITTLER MENDELSON, P.C.
3344 Peachtree Road N.E.
Suite 1500

Atlanta, GA  30326.4803
404.233.0330

*Attorneys for Defendant*
*Handy Technologies, Inc.*

## <u>FONT CERTIFICATION</u>

Pursuant to Rule 7.1 of the Local Civil Rules for Northern District of Georgia, I hereby certify that this pleading has been prepared in compliance with Local Rule 5.1(C).

*/s/ Leslie A. Dent*
Leslie A. Dent
Georgia Bar No. 218566

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that, on August 9, 2016, the foregoing **_Defendant's Answer to Plaintiff's Class Action Complaint_** was electronically filed with the Clerk of Court using the CM/ECF system, is available for viewing and downloading from the CM/ECF system, and notice will be sent electronically to the registered participants identified on the Notice of Electronic Filings addressed below:

James M. Feagle, Esq.
Cliff R. Dorsen, Esq.
Skaar & Feagle, LLP
2374 Main Street, Suite B
Tucker, GA 30084
jfeagle@skaarandfeagle.com
cdorsen@skaarandfeagle.com

Justin T. Holcombe, Esq.
Kris Skaar, Esq.
Skaar & Feagle, LLP
133 Mirramont Lake Drive
Woodstock, GA 30189
jholcombe@skaarandfeagle.com
kskaar@skaarandfeagle.com

Matthew A. Dooley, Esq.
Anthony R. Pecora, Esq.
O'Toole, McLaughlin, Dooley & Pecora Co., LPA
5455 Detroit Road
Sheffield Village, Ohio 44054
mdooley@omdplaw.com
apecora@omdplaw.com

*Attorneys for Plaintiff*

/s/ Leslie A. Dent
Leslie A. Dent
Georgia Bar No. 218566